**Opinion filed April 2, 2015**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-14-00265-CV**

_____

## IN THE INTEREST OF A.S., A CHILD

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C45586**

### M E M O R A N D U M   O P I N I O N

The trial court entered an order that terminated the parental rights of the parents of A.S. The mother appeals, and on appeal, she presents two issues in which she challenges the sufficiency of the evidence. We affirm.

Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West 2014). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding

was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001. In this case, the trial court found that Appellant committed two of the acts listed in Section 161.001(1). The trial court found that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being and that Appellant had failed to comply with the provisions of a court order that set out the actions necessary for her to obtain the return of the child. *See id.* § 161.001(1)(E), (O).

Appellant does not challenge the finding made pursuant to Section 161.001(1)(E). Accordingly, we need not address Appellant's first issue, in which she challenges the finding made pursuant to subsection (O), because the unchallenged finding under subsection (E) is sufficient to support termination as long as termination is in the child's best interest. *See id.* § 161.001. The trial court found that termination was in the child's best interest. *See id.* § 161.001(2).

Appellant challenges that finding in her second issue. She asserts that the evidence is legally and factually insufficient to overcome the presumption that it is in the child's best interest to maintain the parent-child relationship. With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*,

544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The Department of Family and Protective Services became involved with A.S. when he was an infant. At three months old, A.S. was first diagnosed by Texas Children's Hospital as a failure-to-thrive infant. Appellant left the Conroe area mid-case after the Department had opened a case there and had begun an investigation. One day after Appellant moved to Palo Pinto County, the Department received an intake that indicated that A.S. was severely underweight. A.S. was seven months old at the time and, upon being seen by a doctor, was immediately admitted to Cook Children's Hospital for failure to thrive, which was determined to be an "intentional failure to thrive." Appellant was not feeding A.S. as much as she claimed to be, and Appellant was aware that A.S. had severe acid reflux, which required medication. A.S. spent ten days in Cook Children's Hospital. At eight months old, A.S.'s weight was in the "one percentile" range, but Appellant failed to understand how emaciated or sick A.S. was.

In addition to A.S. being severely underweight, the Department presented evidence that serious domestic violence occurred between A.S.'s parents. The

father was not cooperative with the Department, and every drug test performed by the father was positive for methamphetamine. The record also showed that Appellant was unable to provide a safe environment for A.S. and that Appellant had lived in eight different locations while the conservatorship case was pending. Appellant's older child, who was placed with grandparents, had been in seven different schools between kindergarten and second grade. The conservatorship caseworker testified that the older child had been subjected to domestic violence and that Appellant had medical problems that affected her ability to take care of A.S. and to be present at some of the scheduled visitations with A.S.

Although there was evidence that Appellant loved A.S., there was also evidence that A.S. did not have a strong bond with Appellant and that Appellant lacked the skills necessary to parent him. During this case, A.S. was placed in an adoptive placement, and he thrived there. A.S. was doing well on his medications but was still developmentally delayed at the time of the termination hearing. The Department's goal for A.S. was for him to be adopted by his current placement where, according to the caseworker, A.S. will be able to grow up in a family with parents that will care for him and make sure that he receives necessary medications for his acid reflux so that he will continue to thrive. The Department and the child's guardian ad litem both recommended that Appellant's parental rights to A.S. be terminated. They testified that termination would be in A.S.'s best interest.

Based upon the *Holley* factors and the evidence in the record, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. The trial court could reasonably have formed a firm belief or conviction that it would be in A.S.'s best interest for Appellant's parental rights to be terminated. The evidence is both legally and factually sufficient to support the trial court's best interest finding. Appellant's second issue is overruled.

4

We affirm the trial court's order of termination.


JOHN M. BAILEY

JUSTICE


April 2, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.